MoKinney, J.,
delivered the opinion of the Court.
The petition for certiorari in this case, alleges, in substance, that one Hugh Johnson, departed this life in December, 1859, and that the petitioner is sole heir at law and disü’ibutee of his estate. That the residence of the deceased, was in Hawkins County, in this State. That after his death, a paper purporting to be his last Will and testament was offered and admitted to probate in the County Court of Sullivan, (in which County the deceased “had no residence,”) and one Samuel D. Gaines was qualified as executor thereof. It is further alleged, that the petitioner desires to contest the validity of said supposed Will; and, to this end, it is prayed that a writ of certiorari may issue to the Clerk of the County Court of Sullivan, requiring him to transmit the “ original paper,” together with a transcript of the proceedings, to the Circuit Court of Hawkins, that an issue may be there made up to try the validity of the same.
The certiorari was awarded, but at the return Term, the same was dismissed; and from this judgment an appeal in error was prosecuted to this Court.
It is certainly true, if the fact be as stated in the petition, that the County Court of Sullivan had no jurisdiction to take the probate of the Will, or to grant letters testamentary to the executor: See Code sec. 2169. It is equally true, nevertheless, that the Circuit Court of Hawkins had no jurisdiction of the . case made by the petitioner. The paper having been admitted to probate in the County Court of Sullivan, that probate must stand until revoked or vacated by that Court, or reversed by *290 the proper appellate tribunal, upon appeal, or writ of error: 1 Meigs’ Dig. secs. 48, 54, 55.
Assuming the facts to be as alleged in the petition, application should have been made to the County Court of Sullivan, to have the probate vacated and annulled; and upon refusal to do so, an appeal or writ of error might have been prosecuted to the Circuit Court of Sullivan.
In this view, the judgment must be affirmed.